**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Conair Corporation, et al. | ) | Case No: 16 C 9693 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| Chen Xin, et al. | ) | |

## ORDER

Defendant Jiangjc_store's motion to dismiss [47] is denied.

## STATEMENT

      This matter is before the court on Defendant Jiangjc_store's (JS) motion to dismiss. Plaintiff Conair Corporation and Plaintiff Babyliss Faco SPR allegedly engages in the development, manufacturing and marketing of personal and professional health and beauty products and small household appliances. JS allegedly sells counterfeit versions of Plaintiffs' products using counterfeit versions of Plaintiffs' federally registered trademarks. Plaintiffs' second amended complaint includes claims brought pursuant to 15 U.S.C. 1501, *et seq.* of the Lanham Act for trademark infringement and counterfeiting (Count I), false designation of origin claims (Count II), claims brought pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*. (Count III), and patent infringement claims (Count IV). On October 19, 2016, this court granted Plaintiffs' motion for a temporary restraining order, and on November 2, 2016, this court granted Plaintiffs' motion for a preliminary injunction. JS now moves to dismiss the claims brought against it pursuant to Federal Rule of Civil Procedure 12(b)(2) (Rule 12(b)(2)).

      Pursuant to Rule 12(b)(2), a party can move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). When the court adjudicates a motion to dismiss brought pursuant to Rule 12(b)(2) based on written materials submitted to the court, "the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)(internal quotations omitted). In determining whether the plaintiff has met his burden, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). In addition, "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found.*, 338 F.3d at 782; *see also Leong v. SAP America, Inc.*, 901 F.Supp. 2d 1058, 1061-62 (N.D. Ill. 2012)(explaining that "when the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and

submit affirmative evidence supporting the exercise of jurisdiction").

Personal jurisdiction involves consideration of both federal and state law. *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 756-57 (7th Cir. 2010)(stating that the Court was "still unable to discern an operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction")(internal quotations omitted)(quoting *Hyatt Int'l Corp.*, 302 F.3d at 715). A court has general personal jurisdiction over a defendant if the defendant has "continuous and systematic" contacts with the forum that are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). The court has specific personal jurisdiction over a defendant if "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* at 702 (citation omitted).

JS contends that it is a foreign company and is not subject to jurisdiction in Illinois. JS contends that it has never actually sold any of the alleged infringing products in Illinois, that none of JS's employees have ever visited Illinois, and that JS has never marketed the alleged infringing products for sale to an Illinois citizen. JS, however, purposefully availed itself of the privilege to conduct business in Illinois. Plaintiffs have produced evidence from their investigator showing that the investigator posed as an Illinois consumer and purchased the infringing products from JS and ordered shipment to Illinois.

JS contends that since it was a fictitious purchaser, there was no actual consumer harmed. JS also argues that Plaintiffs have somehow committed fraud upon the court. JS, however, has not shown that Plaintiffs presented any false information to this court or pretended in any filing that an actual consumer made a purchase with JS. Nor has JS pointed to precedent requiring that there be an actual purchaser or actual sale to render JS subject to personal jurisdiction in Illinois. Fair play means that if a company accuses you of profiting by illegally using a mark that you do not own, that you appear and answer that accusation. The Seventh Circuit has also explained that "[d]ue process requires that potential defendants should have some control over and certainly should not be surprised by the jurisdictional consequences of their actions." *Hemi Grp. LLC*, 622 F.3d at 758 (internal quotations omitted)(quoting *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997)). The attempted purchase by the fictitious consumer is evidence of JS's intent to solicit Illinois consumers and purposefully avail itself of the privilege of conducting business in Illinois and attempting to sell its products to Illinois consumers. *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015)(stating that "[d]isplaying photos of an item for sale and inviting potential purchasers to place an order and buy the product through an Internet store is an offer for sale").

JS also argues that it could not be targeting United States consumers because it sold the items in Canadian dollars. JS, however, operates on Ebay, which is a global website. From the internet screen shots provided by JS itself, it is clear that United States dollar equivalencies are provided with the sales price and that purchases may be made using United States dollars on the website, which provides a currency conversion with a click of the mouse. (DE 47-3). The fact that JS chose to list the items for sale in Canadian dollars is thus meaningless and does not relieve it from being subject to personal jurisdiction in the United States.

JS also argues that it sells its products globally and does not target Illinois.

It may be a global market place as JS claims, but JS cannot insulate itself from any harm that it causes in Illinois simply by locating itself within the borders of China or any other country outside the United States. Plaintiffs have shown that JS attempted to sell a product to Illinois consumers and was prepared to ship at least one product to Illinois. In fairness, JS should be required to defend itself in a court in Illinois.

       The court also notes that in response to the instant motion, Plaintiffs argued alternatively that JS is subject to personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). JS, in its reply, did not responded to that argument, waiving any objection to personal jurisdiction on that basis. Based on the above, JS's motion to dismiss is denied.

Date:  3/22/17                                     /s/ Samuel Der-Yeghiayan

                                                        Samuel Der-Yeghiayan
                                                        United States District Court Judge